*AMENDED 5/5/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

VS.

GINO MARTEL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 25 2005 ★
P.M. _____
TIME A.M. _____

JUDGMENT INCLUDING
SENTENCE FOR OFFENSES
COMMITTED ON OR AFTER
NOVEMBER 1, 1987 CASE
: CR-01-1301 (DGT)

| AUSA: Charles Kleinberg | L Hong | John Wallenstein, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **above** pleaded guilty to three count information. Accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE AND OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18:371 | Conspiracy to defraud the U.S. | One |
| 26:7201 | Attempted Tax evasion | Two |
| 18:1341 | Mail fraud | Three |

The defendant is sentenced as provided in pages 2 through 3 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__  The defendant is advised of his/her right to appeal within ten (10) days.
__ __  The defendant has been found not guilty on count(s) and discharged as to such count(s).
__ __  **Open counts are dismissed on the motion of the United States.**
__ __  The mandatory special assessment is included in the portion of Judgment that imposes a fine.
__X__  **It is ordered that the defendant shall pay to the United States a special assessment of $300.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

04/30/43
Defendant's USM #/ Date of Birth
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
Defendant's Soc. Sec. Number

Defendant's mailing address
169 Brookville Lane
Glen Head, NY 11545

JANUARY 21, 2005
Date of Imposition of sentence

s/David G. Trager
DAVID G. TRAGER, U.S.D.J.

5/16/2005
Date of signature
A TRUE COPY ATTEST
ROBERT C. HEINEMANN, CLERK
BY: GABY BATISTA, DEPUTY CLERK

DEFENDANT: GINO MARTEL  JUDGMENT-PAGE 2
CASE NUMBER: **CR-01-1301**

## PROBATION

The defendant is hereby placed on probation for a term of   2 YEARS *  .

The defendant shall not commit another Federal, State or Local crime.

The defendant shall not unlawfully possess a controlled substance.

For offenses committed on or after September 13, 1998:

  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

____ The above drug testing condition is suspended based on the court's determination that the defendant      poses a low risk of future substance abuse.

  X   The defendant shall not possess a firearm as defined in 18 U.S.C. Sect. 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the schedule of payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth in the "Standard Conditions of Supervision" sheet.

The defendant shall comply with the following additional conditions

XX -   THE DEFENDANT SHALL SERVE 200 HOURS OF COMMUNITY SERVICE.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.